# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6015 | **DATE** | 8/31/2012 |
| **CASE TITLE** | BNSF Railway Co. Vs. United Industries Corp. | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's motion to dismiss [25]. For the reasons stated below, Defendant's motion is denied. This case is set for further status on 9/20/2012 at 9:00 a.m. Counsel are directed to meet and confer and to file a proposed discovery play no later than 9/18/2012.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

In this matter, the original complaint [1] filed by Plaintiff BNSF Railway Company ("BNSF") against Defendant United Industries Corp. consisted of a single count for negligence. Plaintiff subsequently filed an amended complaint [23] adding another count for breach of contract. Currently before Court is Defendant's motion to dismiss [25], in which Defendant contends that the new claim for breach of contract (set forth in Count I of the amended complaint) is time barred and does not relate back to the original negligence claim.

The parties dispute whether the breach of contract claim is subject to the ten-year limitations period for written contracts or the five-year limitations period for claims for property damage. However, the Court need not resolve which limitations period applies because it concludes that the breach of contract claim asserted for the first time in the amended complaint relates back to the original complaint.

In explaining why the relation back doctrine applies here, the Court notes as an initial matter that both parties framed the issue in terms of Illinois state law. However, unlike statutes of limitations, relation back presents a procedural issues which is governed by federal law – specifically, Fed. R. Civ. P. 15 – not state law, even in a case where the Court's jurisdiction rests on diversity of citizenship. See *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law"); *Rae v. Klusak*, 810 F. Supp. 983, 984 (N.D. Ill. 1993) (citing *Hanna* for the proposition that Rule 15—not state statute or case law—determines whether a claim relates back, even in a diversity action); see also 6A FED. PRAC. & PROC. CIV. § 1503 (noting that the federal rule applies even in diversity actions).[1]

> [FN1] As Magistrate Judge Cole has explained in detail, some courts have applied state law to benefit a party asserting a claim where (1) the law that provides the applicable statute of limitations allows relation back and (2) state law on relation back is more favorable that the result that would obtain under an application of Federal

| STATEMENT |
|---|

> Rule 15(c). *Hunt v. Dart*, 612 F. Supp. 2d 969, 973 (N.D. Ill. 2009). As in *Hunt*, those circumstances do not exist here because Illinois relation back principles (see 735 ILCS 5/2-616(d)) are not more favorable to plaintiffs than Rule 15(c). See *id*. at 974-77. In fact, the Illinois courts have concluded that the intent of the most recent amendment to § 2-616(d) "was simply to bring [that section] into line with the Federal Rules of Civil Procedure." *Compton v. Ubilluz*, 351 Ill. App. 3d 223, 233-34 (Ill. App. 2d Dist. 2004).

The Court, therefore, will address whether Plaintiff's additional claim relates back to the original complaint through the lens of Rule 15. An amendment to a pleading relates back to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). In this case, Plaintiff's claim of breach of contract relates back; the breach of contract claim arises out of the same transaction, conduct, and occurrence as the negligence claim—the incident on August, 28 2006, during which Plaintiff claims Defendant proximately caused damage to Plaintiff's property while negligently doing work pursuant to a contract. Notably, Defendant does not dispute that it was a party to the contract at issue, and thus cannot claim that it did not have notice of the contract or the potential claim. Accordingly, Plaintiff's breach of contract claim (Count I) relates back to its negligence claim (Count II) and Defendant's motion to dismiss [25] must be denied.

*[signature]*